IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAIGE S. DOMONEY,

        Plaintiff,

v.                                                  Case No. 13-2215-SAC

CLASS LTD,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the Court on Plaintiff's motion to dismiss the Amended Counterclaim filed by the Defendant.

**Uncontested Facts**

The Court finds the following facts to be uncontested for purposes of this motion.

Plaintiff was hired by Defendant in October of 2011. Plaintiff signed Defendant's "Confidentiality Agreement," which defines "Confidential Information" to include personnel information such as "performance reviews and disciplinary actions." That agreement prohibits disclosure of "Confidential Information" for any reason other than the performance of job duties, and states that any prohibited disclosure constitutes misuse which could result in legal action against the employee.

In January of 2013, Plaintiff notified Defendant of her medical condition and of her need for FMLA leave. Within a week thereafter,

Defendant's CEO and Defendant's Vice President for Administration conducted a confidential personnel meeting in an attempt to resolve ongoing workplace disputes between Plaintiff and a co-employee. Plaintiff attended the meeting and surreptitiously recorded the conversation by use of her cell phone. She then sent a copy of the recording to her mother, using her work email to do so. Dk. 19, p. 5-6. That same day, Defendant terminated Plaintiff for the stated reason of "department restructuring."

Thereafter, Plaintiff sued Defendant for allegedly hacking into her personal email and Facebook accounts without her permission in violation of the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.*, for invading her privacy, and for violating the FMLA. A proposed amendment seeks to add an ADA claim. Defendant answered and counterclaimed. Defendant's amended counterclaim generally asserts that Plaintiff violated the Federal Wiretap Act by surreptitiously recording the February 5th meeting and by sending a copy of that recording to a third party. The motion to dismiss is directed to that counterclaim.

**Motion to Dismiss Standards**

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's … complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). The court accepts all well-pled factual allegations as true and

2

views these allegations in the light most favorable to the nonmoving party. *United States v. Smith*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1142 (2010). The court, however, is not under a duty to accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 884 (2009). "Thus, mere 'labels and conclusions' and 'formulaic recitation of the elements of a cause of action' will not suffice." *Khalik v. United Air Lines*, 671 F.3d 1188, 2012 WL 364058, at *2 (10th Cir. Feb. 6, 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Supreme Court recently clarified the requirement of facial plausibility:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* [ *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

*Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[C]ourts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief ." *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007). "While the

12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 2012 WL 364058, at *3 (citations omitted).

**Matters Outside the Pleading**

In evaluating a Rule 12(b)(6) motion to dismiss, the court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. *Archuleta v. Wagner,* 523 F.3d 1278, 1281 (10th Cir. 2008). In considering the complaint in its entirety, the Court also examines documents "incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), and documents attached to the complaint, *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012) (quotations and citations omitted). On a motion to dismiss, "[w]here a party has moved to dismiss under Rule 12(b)(6) for failure to state a claim … and matters outside of the pleadings have been presented to the court for consideration, the court must either exclude the material or treat the motion as one for summary judgment." *Id*, 681 F.3d at 1189 (quotations and citations omitted).

Attached to Plaintiff's motion to dismiss is Plaintiff's declaration under penalty of perjury stating that she was, at all times, a party to the February 5th conversation she recorded, and that she "sent a copy of the recording by email to [her] mother's email account, so that [Plaintiff] would have a

backup copy for her protection." Dk. 11, Exh. 1. This declaration goes to the determinative issue in this motion – what Plaintiff's intent was at the time she recorded the conversation. The parties do not dispute that Plaintiff was a party to the conversation, but the parties hotly dispute what Plaintiff's intent was at the time. It would be premature and likely an abuse of discretion to convert the motion to a summary judgment motion on the issue of intent, since to the Court's knowledge no discovery has yet been done on that controlling issue. Accordingly, the Court shall not consider the Plaintiff's declaration in deciding the motion to dismiss, and shall rely solely on those facts asserted in the counterclaim or uncontested by the parties in their motions and memoranda.

**Allegations of Counterclaim**

Defendant claims that Plaintiff violated the Act by: 1) intentionally intercepting Defendant's confidential communications during the Meeting; 2) intentionally disclosing and misusing the contents of the recording of the Confidential Personnel Meeting; 3) misusing and/or endeavoring to misuse the contents of the recording, including, but not limited to, during this litigation; and 4) intentionally intercepting Defendant's confidential communications for the purpose of committing a tortious act in violation of the laws of the United States and of the State of Kansas. Dk. 8, p. 11-12. Defendant seeks actual and punitive damages, and attorney's fees under the Act.

**Analysis**

The Federal Wiretap Act prohibits, with specified exceptions: (1) the intentional interception of "any wire, oral, or electronic communication," 18 U.S.C. § 2511(1)(a); and (2) the intentional disclosure or use of the contents of any such illegally intercepted communication if the persons who disclose or use it did so "knowing, or having reason to know," the communication was intercepted in violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(c) and (d).

One of the specified exceptions to the Act's prohibition against interception of communications is "one-party consent."

> (d) It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication … unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2511(2)(d). This exception reflects the underlying policy of Kansas law, as well as of federal law, that "[w]hen one purports to engage in a private conversation the burden is upon him to make certain he has not misplaced his confidence in the person with whom he is communicating." *State v. Roudybush*, 235 Kan. 834, 843-44 (1984). *See Hoffa v. United States*, 385 U.S. 293, 302, 87 S.Ct. 408, 413, 17 L.Ed.2d 374 (1966) (the Fourth Amendment affords no protection to "a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal

it.") Thus under Kansas law, as under federal law, it is generally not illegal to record a conversation to which one is a party.

For purposes of this motion, the Court assumes, without deciding, that the parties' conversation on Feb. 5th was "oral communication" that was "intercepted" when Plaintiff recorded it via her cell phone. The parties agree that the Plaintiff was a party to the conversation she recorded. *See* 18 USC § 2510(2), (4), (5). The sole dispute is whether Plaintiff recorded the conversation "for the purpose of committing" a tortious act. *See* Dks. 11, 19, 25.

The Amended Counterclaim specifies the following "tortious acts" which Plaintiff allegedly intended to commit: breach of duty of loyalty; breach of fiduciary duty; breach of duty of confidentiality, invading the privacy of the Defendant's employees whose communications she intercepted; and, violation of 18 U.S.C. § 1030 by exceeding authorized access to a computer provided by Defendant, and obtaining information from a protected computer by using the Defendant's email and computer systems to wrongfully disclose confidential information. Dk. 8, p. 12.

Plaintiff contends this pleading is too conclusory, as was the one dismissed in *Phillips v. Bell,* 365 Fed.Appx. 133, 136-137, 2010 WL 517629, 2 (10th Cir. 2010). In *Phillips*, the pleading alleged one party recorded telephone conversations without the other party's knowledge and consent for the purpose of committing a criminal or tortious act, including "invasion

of privacy, extreme and outrageous conduct, intentional infliction of emotional distress, defamation of character, and/or improper recording of private communications for improper use and disclosure." 365 Fed.Appx. at 136. The Tenth Circuit noted the formulaic recitation of the elements of a claim, and found the allegations to be conclusory and not entitled to be assumed true, as in *Iqbal*. But that finding was supported by the Court's underlying finding that the claims were not plausible:

> However, even if we view the facts in Ms. Phillips's complaint as true and, thus, in a light most favorable to her, the complaint also fails to meet the plausibility requirement. Ms. Phillips's recitation of the statutory elements and string of possible reasons for Mr. Young's recording of their conversations is "so general that [it] encompass[es] a wide swath of conduct," *Robbins,* 519 F.3d at 1247, and lacks the necessary factual enhancements to get it from the "possibility" of misconduct to a "plausibility" of such misconduct required for relief. *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955. *This is because disclosure of the recordings' contents for the purposes Ms. Phillips claims, while possible, would have clearly inculpated Mr. Young in the crime of murdering her ex-husband. As a result, it is fairly implausible he would use such self-damning information for the purposes she contends,* including invading her privacy, intentionally inflicting emotional distress, or defaming her character.

*Phillips*, 365 Fed.Appx. at 141 (emphasis added).

Here, unlike in *Phillips*, nothing suggests it implausible that Plaintiff would use the information on the recording for the tortious purposes alleged by Defendant. Plaintiff argues that her assertion of a proper purpose renders Defendant's assertion of a tortious purpose implausible, but to reach that conclusion would require the Court to make a credibility call— something it cannot do based on the face of the pleading. Moreover, the only evidence of

Plaintiff's purpose or intent at the time she recorded the conversations is her declaration which, as noted above, the Court cannot consider in this motion to dismiss.

The Court believes it the better course to determine one's intent based upon evidence of intent, rather than to conclude at this early stage of litigation that no plausible claim has been made. *See e.g., By-Prod Corp. v. Armen-Berry Co.,* 668 F.2d 956, 959 (7th Cir. 1982) (*granting summary judgment* because "a desire to make an accurate record of a conversation to which you are a party is a lawful purpose under the statute even if you want to use the recording in evidence."); *Moore v. Telfon Communications Corp.,* 589 F.2d 959, 965–66 (9th Cir. 1978) (*affirming jury verdict*, finding Congress did not intend to prohibit recording a conversation when its purpose was to preserve evidence of extortion directed against the recorder); *Meredith v. Gavin,* 446 F.2d 794, 799 (8th Cir. 1971) (*affirming judgment following a jury verdict*; finding that recording a conversation for possible later use as impeachment does not violate the Act); *Consumer Electronic Products, Inc. v. Sanyo Elec., Inc.*, 568 F.Supp. 1194, 1197-98 (D. Colo. 1983) (*granting summary judgment* because recording of telephone conversation to acquire evidence of possible wrongdoing in connection with contemplated litigation was not criminal or tortious act giving rise to claim for damages).

Although the Tenth Circuit has not so held, the Court believes that one must allege sufficient facts to support an inference that the offender intercepted the communication for the purpose of committing a tortious or criminal *act that is independent of* the act of recording. *See Caro v. Weintraub*, 618 F.3d 94, 101-02 (2d Cir. 2010); *Smith v. NWM-Oklahoma, LLC, Inc.*, 2008 WL 2705047, 3 -5 (W.D.Okla. 2008) (finding the pleader must show that the purpose of the interception was "to facilitate further impropriety."). That impropriety must be tortious or criminal in nature. It is questionable whether this requirement is met here, but the Court liberally construes Defendant's allegation that Plaintiff intercepted the communications "for the purpose of committing" the enumerated tortious acts, to assert torts independent of the act of recording. "[B]ecause dismissal under Rule 12(b)(6) 'is a harsh remedy, … a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.' " *Tyler v. Tsurumi (America), Inc.*, 425 Fed. Appx. 702, 704 (10th Cir. 2011) (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (citations and quotations omitted). Such is the case here.

IT IS THEREFORE ORDERED that the Plaintiff's motion to dismiss Defendant's counterclaim (Dk. 11) is denied.

IT IS FURTHER ORDERED that Plaintiff's prior motion to dismiss (Dk. 7) is denied as moot.

Dated this 18th day of September, 2013, at Topeka, Kansas.

                                      <u>s/ Sam A. Crow</u>
                                      Sam A. Crow, U.S. District Senior Judge